# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA APARTMENT ASSOCIATION, A California Corporation,<br><br>  Plaintiff,<br>vs.<br>SAN DIEGO COUNTY APARTMENT ASSOCIATION, INC., a California Corporation,<br><br>  Defendant. | CASE NO. 11cv300-WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction ("Application for Temporary Restraining Order") filed by Plaintiff California Apartment Association. (ECF No. 5).

## BACKGROUND

On February 14, 2011, Plaintiff, "an association of owners and managers of rental propert[ies] located throughout California and vendors who service them," filed a Complaint against Defendant San Diego County Apartment Association, Inc. (ECF No. 1 ¶ 1). The Complaint alleges that Plaintiff is the owner of a copyright over "detailed instructive and informative forms." *Id.* ¶ 13. Plaintiff alleges that Defendant, without Plaintiff's permission, has "violated [Plaintiff]'s exclusive rights to its forms by substantially copying and adopting

the constituted elements of [Plaintiff]'s original work and by publishing, reproducing, and distributing [Plaintiff]'s forms to [Defendant]'s members." *Id.* ¶ 15. The Complaint alleges the following claims: copyright infringement, contributory copyright infringement, vicarious copyright infringement, breach of contract, conversion and "money had and received." *Id*. at 7.

On February 14, 2011, Plaintiff filed the Application for Temporary Restraining Order. (ECF No. 5). Plaintiff moves for a temporary restraining order enjoining Defendant "from using, copying, publishing, posting or making any other infringing distribution of the forms owned, authored, and published by [Plaintiff]." *Id*. at 1-2. Plaintiff contends that Defendant's "conduct in copying and misappropriating [Plaintiff]'s copyrighted works has resulted in immediate and irreparable damage to [Plaintiff] who is threatened with the possibility of losing its goodwill and market share in the apartment rental industry because actual and potential members, especially those in San Diego County, can now get [Plaintiff]'s copyrighted work from [Defendant]." *Id*. at 2. In support of the Application for Temporary Restraining Order, Plaintiff submits two affidavits and exhibits consisting of forms and correspondence between counsel for the parties. (ECF Nos. 6-7).

On February 28, 2011, Defendant filed an opposition to the Application for Temporary Restraining Order. (ECF No. 12). Defendant contends that Plaintiff has failed to show a likelihood of success on the merits. Defendant contends that, "[w]ith regard to [Plaintiff]'s claim that it will suffer imminent, irreparable harm to its 'goodwill' absent the entry of a temporary restraining order, such is utterly speculative and completely lacking in any evidentiary support," and "any harm suffered by [Plaintiff] could easily be compensated through money damages." *Id.* at 7.

On March 4, 2011, Plaintiff filed a reply in support of the Application for Temporary Restraining Order. (ECF No. 18).

DISCUSSION

When the nonmovant has received notice, as here, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Brown Jordan*

*Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted).

To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *see also Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).

At a minimum, "the moving party must demonstrate a significant threat of irreparable injury." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (citation omitted). "[A]n injunction cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be." *Am. Trucking Ass'n*, 559 F.3d at 1052. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S. Ct. at 375-76. If the moving party fails to meet the "minimum showing" of a likelihood of irreparable injury, a court "need not decide whether [the movant] is likely to succeed on the merits." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

"[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended are not enough" to constitute irreparable injury) (quotation omitted). However, the Court of Appeals for the Ninth Circuit has "recognized that intangible

injuries, such as damage to ongoing recruitment efforts and goodwill, qualify as irreparable harm." *Rent-A-Center, Inc.*, 944 F.2d at 603 (citing *Regents of Univ. of Cal. v. Am. Broad. Cos.*, 747 F.2d 511, 519-20 (9th Cir. 1984)); *see also WMX Techs. v. Miller*, 80 F.3d 1315, 1325 (9th Cir. 1996).

In *American Trucking Association*, the Ninth Circuit held that the movants demonstrated irreparable injury when they were faced with a "Hobson's choice" of either signing an agreement which is "likely unconstitutional" or suffering such significant business losses that "the result would likely be fatal." *Am. Trucking Ass'n*, 559 F.3d at 1057-58. By contrast, in *American Passage Media Corp. v. Cass Communications, Inc.*, 750 F.2d 1470 (9th Cir. 1985), the Ninth Circuit reversed the grant of a preliminary injunction on the basis that the movant had not demonstrated sufficient evidence to show irreparable harm:

> Even if the evidence showed that four advertisers were unwilling to do business with [plaintiff] because [defendant] had exclusives with desirable schools, this would be insufficient evidence of irreparable harm. Without a sufficient showing that these contracts threatened [plaintiff]'s existence, any loss in revenue due to an antitrust violation is compensable in damages. ... The threat of being driven out of business is sufficient to establish irreparable harm. [Plaintiff]'s president stated that it sustained large losses in 1982-83, and he forecast large losses again in 1983-84. These statements, standing alone, are insufficient evidence that [plaintiff] is threatened with extinction.

*Id.* at 1473-74 (citing *Los Angeles Mem. Coliseum Comm'n*, 634 F.2d at 1201-03).

The only evidence submitted by Plaintiff in support of its contention that it will suffer irreparable injury in the absence of an injunction is the following paragraph from the declaration of Plaintiff's Chief Executive Officer:

> If a charter member ... disassociates itself from [Plaintiff], it would typically mean that an apartment owner affiliated to that charter (in this case, San Diego) would have the option of either becoming a member of [Plaintiff], or of the local organization, or both. [Plaintiff]'s copying of [Defendant]'s forms, however, has seriously damaged [Plaintiff]'s actual and potential market share of the San Diego rental apartment industry. In particular, to the extent someone is a member of [Defendant], they no longer have an incentive or need to become a member of [Plaintiff] because they are no longer required to be a ... member [of Plaintiff] to access and utilize updated, instructional, and informative forms because they are now made available by [Defendant] without the need for a ... membership [with Plaintiff]. [Defendant] is thus surreptitiously and unfairly cutting into [Plaintiff]'s market share of members. [Defendant]'s conduct is causing serious damage to [Plaintiff]'s good will and reputation of being the catalyst and market leader in the apartment industry and the exclusive source of reliable, code-compliant and informative forms. Such damage is irreparable and unquantifiable.

(Bannon Decl. ¶ 11, ECF No. 7 at 3-4).

Plaintiff has not produced evidence of specific members who chose not to renew their membership with Plaintiff because they could access the allegedly infringing forms from Defendant. Plaintiff has failed to support its general assertion of loss of goodwill and market share with specific evidence sufficient to show that losses have in fact occurred or are likely to occur. *See Am. Trucking Ass'n*, 559 F.3d at 1052 ("[A]n injunction cannot issue merely because it is *possible* that there will be an irreparable injury to the plaintiff; it must be *likely* that there will be.") (emphasis added). Based upon the evidentiary record, Plaintiff's claims of irreparable injury are speculative and do not warrant the extraordinary remedy of injunctive relief. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *see also Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) ("[T]he court determined that [plaintiff] would lose goodwill and 'untold' customers. This finding, not based on any factual allegations, appears to be speculative. Speculative injury does not constitute irreparable injury."). The Court finds that Plaintiff has failed to satisfy its burden of "demonstrat[ing] that irreparable injury is likely in the absence of an injunction." *Winter*, 129 S. Ct. at 375.

Additionally, Plaintiff has failed to show that monetary damages would not be sufficient to remedy the alleged harm. *See* Bannon Decl. ¶ 4, ECF No. 7 at 2 ("Non-members can ... purchase [Plaintiff's] forms for a ... price."); *cf. Rent-A-Center, Inc.*, 944 F.2d at 603 ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award.").

Because Plaintiff has failed to meet its burden of demonstrating a significant threat of irreparable injury, the Court "need not decide whether [Plaintiff] is likely to succeed on the merits." *Oakland Tribune*, 762 F.2d at 1376 ("[P]laintiff must demonstrate that there exists a significant threat of irreparable injury. Because [plaintiff] has not made that minimum showing we need not decide whether it is likely to succeed on the merits.") (citations omitted); *see also Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (same); *Big*

1 | *Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (same).

## CONCLUSION

IT IS HEREBY ORDERED that the Application for Temporary Restraining Order is DENIED. (ECF No. 5).

DATED: March 18, 2011

                              **WILLIAM Q. HAYES**
                              United States District Judge